UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 16-04597 DMG (RAO)                               Date:  June 28, 2016
Title:      Moises Meraz-Espinoza v. People of the State of California

Present:     The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:**      (In Chambers) **ORDER**

      On June 19, 2016, Petitioner Moises Meraz-Espinoza ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Petition raises five claims: (1) Petitioner's trial counsel rendered ineffective assistance by failing to introduce an expert witness and questioning the time of death; (2) the prosecution's expert presented improper testimony in violation of Petitioner's Fourth Amendment rights; (3) the trial court erred in admitting the testimony of the coroner and accompanying photographs that described and depicted the victim's dismembered body; (4) the trial court improperly instructed the jury on reasonable doubt; and (5) the trial court erred in denying Petitioner's right to self-representation and to substitute counsel.  (Pet., ¶ 8.)  However, Petitioner states that he has not exhausted Grounds One and Five of the Petition in the state courts.  (*See id.*, ¶¶ 8(a), (e), 9.)

      A petitioner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2245(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  *O'Sullivan*, 526 U.S. at 845.  He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-04597 DMG (RAO)      Date: June 28, 2016
Title: Moises Meraz-Espinoza v. People of the State of California

a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.")

Because Petitioner states that he has not exhausted all of the Grounds of his Petition, the Petition is subject to dismissal as mixed and Petitioner has four available options:

**Option 1:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims. However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 3:** Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pled, but unexhausted claims. *See Rhines*, 544 U.S. at 277-78. To obtain a *Rhines* stay, Petitioner is required to make a showing of good cause for his failure to exhaust his claims in state court, that the claims are not "plainly meritless," and that Petitioner has not engaged in intentional delay tactics. *See Rhines*, 544 U.S. at 277-78. Petitioner should promptly initiate exhaustion proceedings in the state court without waiting for a ruling from this Court on any motion for a *Rhines* stay. Petitioner may file a state habeas petition before the California Supreme Court that contains the unexhausted claims and explain why Petitioner failed to present his claims previously.

**Option 4:** Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claims, but the Court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claims. *See Kelly*, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claims share a "common core of operative facts" with the claims in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 16-04597 DMG (RAO)      Date: June 28, 2016
Title: Moises Meraz-Espinoza v. People of the State of California

the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

    **The Court ORDERS Petitioner to file a response, within 21 days of the date of this Order, specifically stating the options he wishes to pursue.**

    **If Petitioner selects Option One or Option Two, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice.**

    **If Petitioner selects Option Three and/or Option Four, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to *Rhines* and/or *Kelly*. The Court notes that if Petitioner wishes to obtain a stay pursuant to *Rhines*, he must set forth good cause for his failure to have exhausted his claims, explain that the claims are not plainly meritless, and explain that he has not engaged in intentional delay tactics.**

    **IT IS SO ORDERED.**

    Attachment

                                                                :
Initials of Preparer     gr